IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00066-W

| | |
|---|---|
| BILLY D. FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES and COMMISSIONER ) | |
| OF INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on the Motion to Dismiss (Doc. No. 4) filed the by the United States of America ("United States"). In the Motion, the United States contends this matter should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and because the Commissioner of the Internal Revenue Service is not a proper party pursuant to Rule 17(a)(1) of the Federal Rules of Civil Procedure. Plaintiff, appearing pro se, timely responded the to the motion (Doc. No. 5), to which the United States filed a reply brief (Doc. No. 6). On June 14, 2010, the Court issued a Roseboro notice (Doc. No. 7) advising Plaintiff of the burden he carries in responding to the motion and allowing him additional time to respond if he so desired. Plaintiff filed a supplemental response (Doc. No. 8), including tax documents purporting to support his opposition to the pending Motion (Doc. No. 9). The United States replied to this filing (Doc. No. 10), and this matter is now ripe for disposition. For the reasons that follow, the United States' Motion to Dismiss is GRANTED.

**BACKGROUND**

Plaintiff's Complaint, filed pro se, seeks a writ of mandamus against the Commissioner of the Internal Revenue Service ("IRS") to "prohibit and prevent the improper and fraudulent seizure

of property by Respondent, said property belonging to Petitioner, such seizure being made for alleged unpaid income taxes, for which Petitioner denies any liability." (Doc. No. 1, ¶ 5). He alleges, *inter alia*, that the IRS lacks such authority; that taxation of individuals violates the Sixteenth Amendment; and advances other anti-tax type arguments. Although Plaintiff's Complaint refers to "Respondent" in its singular form throughout, Plaintiff specifically identifies, in the caption of the Complaint, both the United States and the Commissioner of the IRS. Additionally, Plaintiff specifically names both the United States and Douglas Schulman, Commissioner of the IRS, as parties to the action. (Doc. No. 1, ¶¶ 3-4).

The Government has moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. The Government also seeks dismissal of the Complaint as to Douglas Schulman and the IRS as the proper party to this suit is the United States.

### STANDARD OF REVIEW

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. It is well-settled in our jurisprudence that the lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties

or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### ANALYSIS

**A.      Suit Against the Real Party in Interest**

In moving to dismiss, the Government has argued that the United States of America is the real party in interest and the only party who can properly be a defendant in this matter. In general,

Rule 17 provides in relevant part that "[a]n action must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a)(1).

The United States of America, not its agencies or its employees, is the proper party for suit sounding in tort. The basic jurisdictional statute–28 United States Code, Section 1346(b)–confers jurisdiction on a federal district court to hear claims sounding in tort against the United States, not against its agencies. This point is amplified in Section 2679(c):

> (a) The authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suits against such federal agency or claim cognizable under Section 1346(b) of this Title and the remedies provided by this Title in such cases shall be exclusive.

Together, these two statutory provisions have uniformly been held to bar a suit which is directed against the federal agency *eo nominee* rather than against the United States. See e.g., Stewart v. United States, 655 F.2d 741 (7th Cir. 1981); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir.), cert. denied, 382 U.S. 892 (1965); Crockett v. Citizens & Southern Finance Corp., 349 F.Supp. 1104, 1105 (N.D. Ga. 1972).

Therefore, to the extent Plaintiff's Complaint names a federal employee and agency, those parties are dismissed because the United States of America is the real party defendant to a claim that an IRS levy is improper.

**B.     Subject Matter Jurisdiction**

Having first determined that the only party in interest to this action is the United States of America, the Court must next consider whether there is subject matter jurisdiction in this Court over Plaintiff's claim against such Defendant. The court has read the allegations of the Complaint and the arguments made in Plaintiff's responses to the instant motion in a light most favorable to finding

subject matter jurisdiction. As discussed below, however, this Court lacks jurisdiction over the subject matter of this suit.

Plaintiff brought this suit in response to a Notice of Seizure purportedly served by the IRS on Plaintiff. As discussed above, Plaintiff seeks injunctive relief to prohibit such action by the United States. Plaintiff argues that he is not seeking an injunction against the collection of taxes, but rather he seeks an injunction "against theft perpetrated by fraud by the United States." (Doc. No. 5, ¶ 16). Plaintiff's attempt to distinguish the two is unpersuasive, particularly where his allegations of fraud cite to provisions of the Internal Revenue Code and appear to be nothing more than meritless "anti-tax" or "tax-protestor" type arguments.[1]

This Court cannot, as a matter of law, provide Plaintiff with the relief he seeks because the Anti-Injunction Act bars suits brought for the purpose of restraining the collection of any tax and the Declaratory Judgment Act excepts from federal courts' jurisdiction cases requesting declarations with respect to federal taxes. While 28 United States Code Section 1361 provides that district courts have original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty, such provision does not constitute a waiver of sovereign immunity. Ocean Breeze Festival Park, Inc. v. Reich, 853 F. Supp. 906, 917 (E.D. Va. 1994), aff'd, Virginia Beach Policemen's Benev. Ass'n v. Reich, 96 F.3d 1440 (4th Cir. 1996). While the United States has waived its sovereign immunity in certain areas, the waiver is

---

[1] For example, in his response filed after the Roseboro notice (Doc. No. 8), Plaintiff argues that he does not owe the taxes that led to the forfeiture of his property because the IRS failed to comply with 26 U.S.C. 7401. That portion of the code states that "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary [of the Treasury] authorizes or sanctions the proceedings, and the Attorney General, or his delegate directs the action be commenced." 26 U.S.C. § 7401. While the statute does provide that civil actions regarding forfeitures must be authorized by the Secretary, and ordered by the Attorney General, there is a presumption that the necessary authority and direction is present unless there is proof to the contrary. U.S. v. One 1941 Cadillac Sedan, 145 F.2d 296, 299 (7th Cir. 1944). Plaintiff has not presented sufficient proof to rebut this presumption or to establish subject matter jurisdiction in this case.

limited and the United States of America remains immune except to the extent of its consent, the terms of which have been expressly and specifically set forth by Congress. These express parameters define this court's subject-matter jurisdiction. See United States v. Orleans, 425 U.S. 807, 814 (1976); Dalehite v. United States, 346 U.S. 15 (1953). The Administrative Procedures Act, 5, United States Code, Section 702, waives sovereign immunity in cases seeking *mandamus*, but this general waiver does not provide a basis for jurisdiction where more specific statutes, namely the Anti-Injunction Act and the Declaratory Judgment Act, bar requested relief. McCarty v. United States, 929 F.2d 1085 (5th Cir. 1991).

Specifically, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court by any person." 26 U.S.C. 7421(a). Similarly, the Declaratory Judgment Act excepts from federal courts' jurisdiction cases requesting declarations with respect to federal taxes, 28, United States Code, Section 2201(a), and provides a separate ground for dismissal of this action due to lack or jurisdiction. Jordan v. United States, 863 F. Supp. 270, 274 (E.D.N.C. 1994). The Declaratory Judgment Act explicitly excepts tax issues:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a)(emphasis added).

Therefore, this action shall be dismissed in its entirety as the only proper claim would be one against the United States of America, and this court lacks subject matter jurisdiction to hear Plaintiff's claims against the sovereign in this particular case.

## CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss (Doc. No. 4) is GRANTED. The Clerk is directed to send a copy of this Order to Plaintiff's address of record, that is Billy D. Floyd, P.O. Box 1225, Indian Trail, North Carolina, 28079. The Clerk is also DIRECTED to CLOSE THE CASE.

    IT IS SO ORDERED.

Signed: July 13, 2010

Frank D. Whitney
United States District Judge